UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| KADE DOMINIQUE STEARS, | Case No. 4:19-cv-00495-DCN |
|---|---|
| Petitioner, | 1:18-cr-00104-DCN-1 |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

The Court has before it Petitioner Kade Dominique Stears' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 1. The Government responded in opposition to the motion. Dkt. 4. Stears did not reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons below, the Court DENIES Stears' Motion.

## II. BACKGROUND

In his underlying criminal case, a grand jury indicted Stears on one count of possession of a firearm by a prohibited person in violation of U.S.C. § 922(g)(1). Case 18-104, Dkt. 1. The indictment stemmed from Stears' possession of an Enfield British 303

rifle. Case 18-104, Dkt. 31. The matter arose when Stears' neighbors contacted the Madison County Sheriff's Department on April 18, 2017, and reported a burglary that occurred while they were on an extended vacation. *Id*. Among the stolen items was an Enfield British 303 Rifle, serial number 28599. *Id.* Law enforcement contacted the local pawn shops about the stolen items, and on April 24, 2017, Double D pawn reported that Stears had pawned a British Enfield 303 rifle on February 24, 2017. *Id.* The rifle was later identified as the weapon that had been reported stolen. *Id*. Moreover, from February through March of 2017, Stears pawned other items taken during the burglary of his neighbor's home. *Id.*

The evidence suggests that Stears traded the Enfield Rifle for another firearm, a Taurus PT 9mm pistol. *Id.* It appears as though Stears picked up the Taurus himself, but his wife was the person approved for the purchase, presumably because Stears himself was ineligible due to a prior felony burglary conviction. *Id.* It also came to light that Stears had contact with two additional firearms—neither of which were the subject of this case and unrelated to the burglary—which were sold or pawned at other businesses. *Id.* On November 26, 2018, Petitioner entered a change of plea from "not guilty" to "guilty." Case 18-104, Dkt. 43. During the proceeding, Stears' counsel noted that "[t]he issue here is his knowledge at the time of the event. He then believed his rights [to possess a firearm] had been restored. He knows now they were not, and he's pleading guilty on that basis." *Id.* at 13.

On April 30, 2019, the Court sentenced Stears to 24 months imprisonment followed by three years of supervised release. Case 18-104, Dkts. 37–38. Stears did not file a direct

appeal of his conviction or sentence and the time for further appeals has passed. On June 21, 2019, the Supreme Court of the United States ruled in *Rehaif v. United States* that the Government must prove that a prohibited person had knowledge that they belonged to a category of persons barred from possessing a firearm. 139 S. Ct. 2191 (2019). This resulted in a major shift in the law. Stears subsequently filed a Motion to Vacate under Title 28 U.S.C. § 2255 on December 13, 2019, challenging his conviction and sentence. Case 18-104, Dkt. 46. Stears was confined in the custody of the Federal Bureau of Prisons at the time he submitted his motion.

### III. LEGAL STANDARD

**1. Standard for 28 U.S.C. § 2255 Motions**

Title 28 U.S.C. § 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18

F.3d 778, 781 (9th Cir. 1994). A court may dismiss a § 2255 motion at other stages of the proceeding, such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 whether an evidentiary hearing is required.

**2. Standard for Procedural-Default**

"The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Id*. Said differently, "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (cleaned up). Furthermore, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley*, at 621 (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)).

An important principle in the procedural-default framework is that cause cannot be established by claiming that a particular claim was futile in front of a court at the time of the final judgement. *Id.* (explaining that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" (quoting

*Engle v. Isaac*, 456 U.S. 107 (1982))). There is a narrow exception to this rule where a claim is "so novel that its legal basis is not reasonably available to counsel." *Id.* (quoting *Reed v. Ross*, 468 U.S. 1 (1984)).

Critically, district courts in the Ninth Circuit and elsewhere have found that the issue in *Rehaif*—whether the scienter requirement applied to a defendant's status under 18 U.S.C. § 922(g)—is not "so novel" so as to have been unavailable to counsel. *See e.g., Mujahidh v. U.S.*, C19-1852JLR, 2020 WL 1330750 (W.D. Wash. Mar. 23, 2020); *United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340 (W.D. Mich. Dec. 5, 2019).

Similarly, establishing actual innocence requires a strong showing where the defendant must make a claim of actual innocence that is both "credible" and "compelling." *Schlup v. Delo*, 513 U.S. 298, 324-35 (1995). To be considered "credible," the claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. For the claim to be "compelling," the petitioner must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

### IV. DISCUSSION

As an initial matter, Stears argues, and the Government agrees, that the Supreme Court's decision in *Rehaif* is retroactively applicable to Stears' criminal case. This stipulation notwithstanding—and without formally deciding the matter—the Court notes that there is a "growing dispute among district courts concerning whether *Rehaif* is in fact retroactive." *United States v. Duell*, 2021 WL 858445, at *3 (W.D. Pa., 2021); *Pryor v.*

*U.S.*, No. 4:20 CV 1454 RWS, 2021 WL 1721173, at *2 (E.D. Mo. Apr. 30, 2021) (holding that *Rehaif* does not apply retroactively). The Ninth Circuit has yet to opine on the issue,[1] and this Court will not do so now because of the parties' stipulation. Additionally, the Government concedes, and the Court agrees, that Stears meets the requirements of custody, timeliness, and cognizability in bringing his § 2255.

### A. PROCEDURAL DEFAULT

While Stears has met certain threshold requirements to bring the instant motion, he procedurally defaulted his § 2255 claim by failing to raise the issue on direct appeal. The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review," noting that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley*, 523 U.S. at 621. Moreover, the finality concern that animates the procedural-default rule "has special force with respect to convictions based on guilty pleas." *Id.* Stears can overcome procedural-default by either (1) demonstrating both cause and actual prejudice, or (2) demonstrating that he is actually innocent. *See id.* at 622. Here, Stears has not shown cause for failing to raise the issue of his knowledge of his prohibited status on appeal, has not demonstrated his actual prejudice, and has not shown that any other exception to the procedural-default rule is applicable. Therefore, the Court rejects his claim for relief.

---

[1] See, *United States v. Reynolds*, 2020 WL 5235316 (D. Nev. September 2, 2020). However, the Ninth Circuit did say: "But *Rehaif* interpreted a statute and did not invoke any constitutional provision or principle. Nor is *Rehaif* a constitutional rule . . .. Assuming without deciding that *Rehaif* also announces a rule that is substantive in nature, *Rehaif* still does not announce 'a new rule of constitutional law' for purposes of filing a second or successive § 2255 motion." *Tate v. U.S.,* 982 F.3d 1226, 1228 (9th Cir. 2020).

*1. Cause and Prejudice*

In his Motion, Stears states that "[a]t the time of the change of plea hearing, my attorney told the Judge that I thought my rights had been restored . . . . The Supreme Court has stated that one element the government must prove is that I knew I was prohibited, which I did not." Dkt. 1, at 4. While Stears appropriately references the *Rehaif* holding, the Supreme Court has also held that the futility of a claim at the time of pleading does not establish cause in the procedural-default context: "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Blousely*, 523 U.S. at 622-23.

The Government correctly points out that there is a narrow exception to this rule for highly novel claims that were unavailable to counsel at the time of pleading, but that contention is foreclosed here because the issue in *Rehaif* had been repeatedly litigated throughout the country. Several district courts have sustained this argument. *See, e.g., Mujahidh v. United States,* 2020 WL 1330750, at 3 (W.D. Wash. Mar. 23, 2020) ("The issue in Rehaif . . . was not "so novel" at the time of [the defendant's] plea and sentencing so as not to have been available to counsel . . . . Indeed, the issue was litigated in federal courts across jurisdictions for many years prior to [his] indictment and guilty plea."); *Cross v. United States*, 2020 WL 7062686, at 6-8 (N.D. Iowa Dec. 2, 2020) (knowledge of status is not a novel legal claim even though the Eighth Circuit had previously addressed and rejected the argument because the issue was still being litigated in other circuit courts); *Ramsey v. United States,* 2020 WL 5230891, at 10 (E.D. Mo. Sept. 2, 2020) ("The question presented in Rehaif was thoroughly and repeatedly litigated in the courts of appeals over

the last three decades, and as such, it does not qualify under the novelty exception.").

In short, Stears has not carried his burden of establishing cause or prejudice sufficient to overcome procedural default.

2. *Actual Innocence*

Stears likewise cannot overcome his procedural default by a showing of actual innocence. Showing actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329. This, Stears has failed to do. The Court acknowledges that Stears claimed he "believed his rights had been restored" at his Change of Plea Hearing (Case 18-104, Dkt. 43, at 13) and noted that "[he] believed that his right to possess a firearm had been automatically restored once he successfully completed his 2007 state felony sentence" in his Objection to the Presentence Report. Case 18-104, Dkt. 25, at 2. However, when viewed in light of Stears' criminal history and the fact that the firearm he possessed was stolen, the Court cannot conclude that "no reasonable juror" would have found him guilty. That is the high bar that Stears must clear, and he cannot do so.

Significantly, Stears not only possessed the stolen firearm, but he was also observed at Double D's pawn shop trading that firearm for another firearm, a 9mm Taurus. Case 18-104, Dkt. 31. When Stears traded the firearm that is the subject of this case for the 9mm Taurus, he chose to do it at Double D's, which had not completed a background check on Stears. Instead of undergoing the background check himself, his wife submitted the background check paperwork and Stears picked up the weapon himself. *Id.* Moreover,

Stears pawned two additional firearms around the same time as the one that is the subject of this case. *Id.* At the sentencing hearing, Stears' attorney said that no one had told Stears that his rights had been restored and that he had never gone through a court process to have them restored. Case 18-104, Dkt. 47, at 15–16. Indeed, Stears never asserted that he did not know that he had a prior conviction requiring over a year of jail time and never argued that he did not commit the 2007 burglary which resulted in his being a prohibited person. As such, the Court rejects the contention that "no reasonable juror" could have concluded that Stears knew he was a prohibited person, and thus rejects his actual innocence.

### B. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

### V. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Stears' conviction or sentence at this time, or to conduct an evidentiary hearing on the same. Thus,

the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED.

## VI. ORDER

**IT IS ORDERED:**

1. Stears' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Case 4:19-cv-00495-DCN, Dkt. 1; Case 4:18-cr-00104-DCN, Dkt. 46) is **DENIED**.

2. No certificate of appealability shall issue.

DATED: June 21, 2021

_____
David C. Nye
Chief U.S. District Court Judge